Shields, S. J.,
delivered the opinion of the Court.
This is an action of trespass. The declaration states that the plaintiff sues the defendant for breaking and entering the plaintiff’s close, and searching his dwelling house and premises, and also for wrongfully causing the plaintiff to leave his home, and to be absent therefrom *75 for the space of two years, whereby he was greatly injured, and sustained damages to the amount of ten thousand dollars.
The defendant did hot test the sufficiency of this declaration in law, as to substance or form, and only opposed to the allegation therein contained, and the demand made, the plea of not guilty, on which there was issue joined; upon the trial of which the jury found against him, and assessed the plaintiff’s damage at one thousand dollars. The Court discharged a rule entered by the defendant for a new trial, and pronounced judgment on the verdict. The cause is here by an appeal in the nature of a writ of error.
The plaintiff in error might possibly have maintained a special plea in confession and avoidance; for the record discloses that he acted under the authority of the government, and the only government which at the place and time was existing, and which was enforcing, absolutely, obedience to its authority and laws. But he did not, by his pleading, present this question to the decision of the Court, and relied alone upon such defense as the law permits under the general issue in this form of action. It appears that the defendant in error had deserted the rebel army, and that the plaintiff in error, who was an enrolling officer, visited the house of the former, accompanied by soldiers, for the purpose of arresting him; that information of this fact was given him, in consequence of which, says a witness, he left the country, and was absent about twenty months. We doubt whether the long-continued absence of the defendant in error was the natural consequence of the *76 act of the plaintiff in error, so as to warrant a verdict for damages on that ground. It is well settled that all damages must be the natural and proximate consequence of the act complained of; and can it be said, with any degree of fairness, that the defendant in error remained from his home on account of this act of the plaintiff in error? ~We think not.
It is shown that, in the progress of the trial, a witness was allowed to state that other soldiers, with whom the plaintiff in error had no connection, went to the house of the defendant in error, for the purpose of arresting him; also, that the Court permitted the defendant in error to prove that he was loyal, and that the plaintiff in error was disloyal to the Government of the United States — all of which evidence was, at the time, objected to; and it is now insisted that in this ruling there is reversible error. In view of subsequent qualifying instructions of the Court to the jury, and of the peculiar character of the question of fact in issue, we can not so hold.
But we find in the charge of the Court the following: “Continued or repeated efforts to oust a party, or repeated searches for him for such purpose, would be grounds for a reasonable apprehension of danger, and the party thus pursued might abandon -his home, and hold him thus pursuing or searching liable in damages for thus ejecting or driving him from his home.”
This instruction involves an invasion of the province of the jury, so direct, and an infraction of that provision in our organic law, which declares that judges shall not charge juries with respect to matters of fact, so clear *77 and palpable, that we are constrained to reverse the judgment, and remand the cause for another trial.
The proposition of fact to be maintained and established by the plaintiff below, was, that the defendant there had done such acts as would naturally produce and cause the injury complained of. It was a question of fact, to be determined by the jury; yet the Court there informed the jury that certain specific facts would amount to proof of the issue on the part of the plaintiff. Independent of the prohibition in the Constitution, we should condemn this instruction; for it is an ancient rule, that whether there be any evidence or not, is a question for the Judge; whether it is sufficient evidence, is a question for the jury. The Judge may decide what is evidence, but it is for the jury to say what is proof. But when the Judge told the jury that certain acts would be grounds for a reasonable apprehension of danger, and that the party thus pursued might abandon his home, and hold him thus pursuing liable in damages, he clearly charged the jury with respect to the matters of fact. It was for the jury, and not the Judge, to say what would be such reasonable grounds of apprehension as would induce a man of ordinary firmness and discretion to so abandon his home as to entitle him to maintain an action against the party whose wrongful and unauthorized acts induced that apprehension. It is well known to those of us who have had experience in investigating questions of fact before juries,- that very slight intimations from the bench have a commanding influence over the jury; and judges presiding at such trials should sedulously avoid an expression of opinion, further than *78 to declare the law; otherwise the trial by jury, so highly valued by the English and American people, will become but an empty and ridiculous form. We think that the presiding Judge, in the trial of this cause, so erred, doubtlessly, by inadvertence, but, nevertheless, to the injury of the constitutional rights of the plaintiff in error, to have the free and unbiassed judgment of his peers on facts of the cause.